McBRIDE, Judge.
For the purpose of'argument, this appeal was consolidated with that in the matter of State of Louisiana ex rel. Jack P. F. Gremillion, Attorney General, et al. v. William L. Klause, Jr., et al., La.App., 135 So.2d 583, No. 238 our docket.
The question presented for adjudication herein is one that is res novo in Louisiana. May the Register of the State Land Office, proceeding under LSA-R.S. 47:2189, cause to be made a valid sale of unredeemed property bid in for and adjudicated to the State for unpaid taxes when such property has been acquired by the Department of High.ways, subsequent to said tax adjudication, by conventional title? The facts in the cases are these:
Lots 28, 29, 57 and 58 of Square 7, Metai-rie Terrace, Parish of Jefferson, were adjudicated to the State on December 31, 1935 (C.O.B. 127 folio 285) for unpaid state taxes for 1934 on an assessment to Funk, and said property has never been redeemed from said tax sale.
On August 21,1937 (C.O.B. 138 folio 153) Thrift Homestead Association acquired the property from Funk at foreclosure sale.
On December 6, 1937 (C.O.B. 139 folio 256) Louisiana Highway Commission by conventional deed acquired said property from Thrift Homestead Association in Liquidation, for a cash consideration of $700.
After acquiring said property, as aforesaid, the Louisiana Highway Commission entered a work order on April 9, 1938, for the construction of the Airline Highway (U.S. 61) across and to include all of Lots 28 and 29 except a strip of approximately five feet along the southern end thereof. In 1938, upon completion of the project, the Airline Highway, aforesaid, included such property.
By Acts 1942, No. 4, §§ 4 and 7, the Department of Highways became the legal successor of the Louisiana Highway Commission and succeeded to the ownership of all the property, movable and immovable, owned by said late Louisiana Highway Commission.
On April 1, 1947, the Department of Highways granted a long term lease to the Louisiana Department of Public Safety, covering Lots 57 and 58, and the small strip of Lots 28 and 29 that was not included in the highway project. The Department of Public Safety became the lessee for the purpose of maintaining and using said property *582 as a State Police Troop Headquarters. Since 1947 the Department of Public Safety .lias exercised possession of said leased premises entirely and to the exclusion of anyone else.
On March 27, 1957, at a Sheriff’s sale (C.O.B. 421 folio 615) conducted under LSA-R.S. 47:2189, William L. Klause, Jr., purchased the four lots aforesaid from the State for $300 and was issued Patent No. 18,592, dated April 4, 1957 (C.O.B. 421 folio 615).
In January 1959 William L. Klause, Jr., filed this suit against the State of Louisiana, through the Department of Highways, seeking to confirm and quiet, under LSA-R.S. 47:2228.1, his alleged title to that portion of the propex-ty which is not a part of Airline Highway, which suit the Department of Highways defends on the ground that the sale and patent are null and void because embracing land that it owns which had previously been dedicated to a public purpose and was not susceptible to sale.
In April 1959 the State of Louisiana, on the relation of its Attorney General and Register of State Land Office, filed suit for mandamus against Klause and the Clerk of Court for the Parish of Jefferson, seeking to have cancelled and erased from the Conveyance Records the inscriptions of the Sheriff’s sale and the patent issued to Klause, on the ground that the property is unsusceptible to private ownership.
After trial of both suits, which had been consolidated in the lower court, judgment was rendered in the Klause suit decreeing him to be the owner of that portion of the four lots not used for highway purposes and quieting his title thereto. Judgment was rendered in the other suit in favor of Klause, dismissing the demands of the re-lators. The judgments are before us on the appeals of Department of Highways and the relators.
The Register of State Lands in 1957 through inadvertence caused the property t« be sold by the sheriff under LSA-R.S. 47:-2189, which regulates the manner and terms on which property bid in for and adjudicated to the State for unpaid taxes may be sold, having entirely overlooked the fact that the Department of Highways held title to the property in full ownership by conventional deed from the record owner.
Klause’s pretended title and patent are null and void. The Legislature never contemplated that LSA-R.S. 47:2189 would authorize the sale of property which a department of the State owns and has dedicated to public uses. If this were not so, it may be that some day the Register of the State Land Office would cause the state capítol or other public buildings owned by the State or one of its departments to be so sold. The record herein shows that through inadvertence he attempted to sell part of the Airline Highway.
Counsel for Klause seems to concede all this, for he is not asking for a confirmation of title to that portion of the land which is located beneath the highway, but only as to the remaining land not so utilized. Counsel contends Klause is protected by the peremption of five years as provided by LSA-Const. 1921, Art. X, § 11. Said constitutional per-emption has nothing whatever to do with this litigation. The State and Department of Highways are not attacking the 1935 tax sale to the State, but are merely contending that the Register of State Lands had no right to proceed under LSA-R.S. 47:2189 for the sale of property owned by the Department of Highways, and that the Sheriff’s sale to Klause in 1957 and the patent issued thereunder are null and void.
The Legislature, where unrestrained by constitutional prohibition, has plenary power to make provision for the sale of property of the State. State v. Duhe, 201 La. 192, 9 So.2d 517. With reference to property owned by the Department of Highways, the Legislature has spoken by providing in LSA-R.S. 48:22 as follows:
“The department has all of the rights, powers, and immunities incident to cor *583 porations. It may acquire, own, administer, alienate, and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible; contract; adopt, alter, or destroy an official seal; sue and be sued, implead, and be impleaded.”
Therefore, a conclusion is in order that the Register of the State Land Office had not the power to sell property owned by the Department of Highways.
The judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of Department of Highways of the State of Louisiana and against plaintiff, dismissing his suit with costs.
Reversed.